Dear Representative DeCoster:
This is in response to your request for an official opinion with regard to the following questions:
 "Do state agencies that oversee federal programs that are guided by federal regulations have to publish rules in the Missouri Register and the Missouri Code of State Regulations if they wish to impose additional guidelines to those programs?
 "If state agencies have issued `policy memorandums' that require certain actions by non-state agencies, what is their effect if they have not been published in the Missouri Register or the Missouri Code of State Regulations?"
Requirements for the issuance of rules and regulations by state agencies are found in Chapter 536, RSMo Supp. 1976. In determining whether this statute applies to the questions presented, it must first be determined if in fact the questioned "guidelines", "policy memorandums" or like utterances of a given state agency constitute "rules" within the meaning of Chapter 536.
Section 536.010(4), RSMo Supp. 1976, defines "rule" as follows:
 "(4) `Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of an existing rule, but does not include:
 (a) A statement concerning only the internal management of an agency and which does not substantially affect the legal rights of, or procedures available to, the public or any segment thereof;
 (b) A declaratory ruling issued pursuant to section 536.050, or an interpretation issued by an agency with respect to a specific set of facts and intended to apply only to that specific set of facts;
 (c) An intergovernmental, interagency, or intraagency memorandum, directive, manual or other communication which does not substantially affect the legal rights of, or procedures available to, the public or any segment thereof;
 (d) A determination, decision, or order in a contested case;
(e) An opinion of the attorney general;
 (f) Those portions of staff manuals, instructions or other statements issued by an agency which set forth criteria or guidelines to be used by its staff in auditing, in making inspections, in settling commercial disputes or negotiating commercial arrangements, or in the selection or handling of cases, such as operational tactics or allowable tolerances or criteria for the defense, prosecution, or settlement of cases, when the disclosure or such statements would enable law violators to avoid detection, facilitate disregard of requirements imposed by law, or give a clearly improper advantage to persons who are in an adverse position to the state;
 (g) A specification of the prices to be charged for goods or services sold by an agency as distinguished from a license fee, or other fees;
 (h) A statement concerning only the physical servicing, maintenance or care of publicly owned or operated facilities or property;
 (i) A statement relating to the use of a particular publicly owned or operated facility or property, the substance of which is indicated to the public by means of signs or signals;
 (j) A decision by an agency not to exercise a discretionary power;
 (k) A statement concerning only inmates of an institution under the control of the division of corrections or the division of youth services, students enrolled in an educational institution, or clients of a health care facility, when issued by such an agency;
 (l) Statements or requirements establishing the conditions under which persons may participate in exhibitions, fairs or similar activities, managed by the state or an agency of the state;
 (m) Income tax or sales tax forms, returns and instruction booklets prepared by the state department of revenue for distribution to taxpayers for use in preparing tax returns."
Assuming that the utterance of the agency is a rule within the meaning of Section 536.010(4), do such rules have to be published in the Missouri Register and the Missouri Code of State Regulations? If the utterance is a "rule" and is to have the force and effect of such, then it must be published in accordance with Sections 536.021 and 536.031, RSMo Supp. 1976.
Section 536.021.1, RSMo Supp. 1976, states:
 "No rule shall hereafter be made, amended or rescinded by any state agency unless such agency shall first file with the secretary of state a notice of proposed rulemaking and a subsequent order of rulemaking, both of which shall be published in the Missouri register by the secretary of state as soon as practicable after the filing thereof in his office; except that a notice of proposed rulemaking is not required for the establishment of hunting or fishing seasons and limits or for the establishment of state program plans required under federal education acts or regulations.
The remainder of the section describes the details of publication in the Missouri Register.
Section 536.031.2, RSMo Supp. 1976, states:
 "The code of state regulations shall contain the full text of all rules of state agencies in force and effect upon the effective date of the first publication thereof, and it shall be revised at least every six months thereafter so as to include all rules of state agencies subsequently made, amended or rescinded. . . ."
Taking these two sections together, it is clear that any utterance of a state agency, except for the statutory exceptions, which purports to be an enforceable rule within the statutory meaning must be published in the Missouri Register and Missouri Code of State Regulations.
In determining the effect of such rules if an agency fails to comply with the requirements set out above, one must refer to Section 536.021.6, RSMo Supp. 1976, which states:
 "Except as provided in sections 536.023.4 and 536.025 any rule, or amendment or rescission thereof, made after January 1, 1976, shall be void unless made in accordance with the provisions of this section."
From this, it is clear that failure to comply with the publication requirements of Section 536.021 renders the rule void and of no effect insofar as rules promulgated after January 1, 1976, are concerned.
Rules promulgated prior to January 1, 1976, are governed by Section 536.023.4, RSMo Supp. 1976, which states:
 "All rules on file with the secretary of state upon January 1, 1976, which do not conform to said uniform procedures, shall be rewritten so as to conform thereto and shall be refiled with the secretary of state not later than ninety days after January 1, 1976, and no rule shall be promulgated, amended or rescinded during said ninety-day period except pursuant to section 536.025. The original rules shall remain in effect until rewritten and refiled, and the rewritten rules shall become effective immediately upon refiling without following the provisions of section 536.021; provided, however, that any rule which is not so rewritten and refiled within ninety days after January 1, 1976, shall then lapse and be of no further force and effect unless and until it shall be promulgated in accordance with the provisions of section 536.021."
Since the ninety-day grace period following January 1, 1976, has long since expired, it follows that any rules now in effect would have to have complied with the provisions of Chapter 536 set forth in this opinion.
One caveat needs to be kept in mind, however. There is always the chance that some provision in the specific federal law being administered at the state level may be in conflict with the statutes governing the promulgation of rules and regulations in the state of Missouri. This raises several questions which are beyond the scope of this opinion.
Therefore, it is our view that state agencies that oversee federal programs which are guided by federal regulations have to publish rules in the Missouri Register and the Missouri Code of State Regulations if they wish to impose additional guidelines to those programs and the proposed rules fall within the definition of "rule" found in the Missouri Administrative Procedure Act, Section 536.010.4.
It is our further view that if "policy memorandums" issued by state agencies that require certain actions by nonstate agencies constitute "rules" as defined by Section 536.010.4, RSMo Supp. 1976, then such "policy memorandums" have no force and effect as agency rules and regulations unless the publication requirements of Chapter 536, RSMo Supp. 1976 are complied with.
Very truly yours,
 JOHN ASHCROFT Attorney General